OPINION — AG — (1) ATTORNEY GENERAL OPINION NO. 80-059 DOES NOT APPLY TO THE OKLAHOMA TAX COMMISSION BECAUSE IT ADDRESSES A SPECIFIC SET OF STATUTES REFERRED TO AS THE DENTAL ACT AND THE APPLICABILITY THEREOF TO THE OKLAHOMA TAX COMMISSION WAS NOT CONSIDERED. (2) THE OKLAHOMA TAX COMMISSION DOES NOT HAVE THE LEGAL AUTHORITY TO EXPEND PUBLIC FUNDS FOR INDIVIDUAL EMPLOYEE MEMBERSHIP IN TAX ASSOCIATIONS WHEN THE COMMISSION DEEMS IT CONVENIENT, USEFUL, APPROPRIATE, SUITABLE, PROPER OR CONDUCIVE TO THE ADMINISTERING AND ENFORCING OF THE STATE TAX LAW. (PROFESSIONAL ORGANIZATIONS, UNIFORM TAX PROCEDURE ACT, REVENUE AND TAXATION) CITE: OPINION NO. 63-247 , OPINION NO. 79-038, OPINION NO. 80-059, OPINION NO. MAY 10, 1962 — HANSEN (MICHAEL C. CONAWAY) ** SEE OPINION NO. 90-678 (1990) FILENAME: m0009991 James E. Walker Oklahoma Tax Commission Attorney General of Oklahoma — Opinion March 10, 1981 The Attorney General is in receipt of your request for an official opinion on the following questions: "1. Is Attorney General Opinion No. 80-059 applicable to the Oklahoma Tax Commission; and "2. Does the Oklahoma Tax Commission have the legal authority to expend public funds for employee memberships in tax associations when the Commission deems it convenient, useful, appropriate, suitable, proper or conducive to the administering and enforcing of the State tax laws?" Attorney General Opinion No. 80-059 addresses a specific set of statutes referred to as "The Dental Act. The applicability thereof to the Oklahoma Tax Commission was not considered. Your first question must therefore be answered negatively, Attorney General Opinion No. 80-59 does not apply to the Oklahoma Tax Commission. In addressing your second question, a review of past Attorney General Opinions shows that payment of individual employees membership dues have consistently been determined to be invalid claims against the State for which reimbursements cannot be made. (Opinion dated May 10, 1962 by Fred Hansen, A. G. Opinion No. 63-247 and A. G. Opinion No. 79-38). In this instance, as in the Opinions cited above, there is no legislative authority specifically authorizing the Oklahoma Tax Commission to expend State funds for the payment of individual employee memberships in tax associations. It is, therefore, the official opinion of the Attorney General that Attorney General Opinion No. 80-059 does not apply to the Oklahoma Tax Commission because it addresses a specific set of statutes referred to as the Dental Act and the applicability thereof to the Oklahoma Tax Commission was not considered. Further, the Oklahoma Tax Commission does not have the legal authority to expend public funds for individual employee memberships in tax associations when the Commission deems it convenient, appropriate, suitable, proper or conducive to the administering and enforcing of the State tax laws. (Michael C. Conaway) ** See: Opinion No. 90-678 (1990) (Unpublished Opinion) **